# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 20

### ABRAHAM v. AKRON SAUSAGE CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1175. Decided Nov. 30, 1926

1085. SERVICE OF SUMMONS—In a proceeding in error, service of summons may be made upon one of the subordinate officers of a defendant corporation if one of its chief officers be not found in the county; and it is not necessary for the sheriff to ascertain and certify that one of its chief officers could not be found in the county.

PARDEE, P. J.

Frank Abraham brought action against the Akron Sausage Co. in the Summit Common Pleas but not being satisfied with the amount of the judgment rendered in his favor, prosecuted error. At the time of filing his petition in error, he filed a precipe in which he instructed the clerk to issue summons in error to the sheriff for the Akron Sausage Co. and to serve Herman Werner, Secretary. A return was made which stated that summons was served on Herman Werner, the president or other officers of said company, not found in the county. The Company filed a motion to quash service of summons on the ground that it wa snot served in the manner required by law.

Attorney for the plaintiff, it seems, learned that the president of the Company was out of town and directed the deputy sheriff to serve the Secretary who was at that time present in the county court house. The evidence further shows that the president was in his office and service could have been made upon him if the deputy sheriff had gone to the office. The Court of Appeals held:

1. A summons in a proceeding in error shall be served "as in the commencement of an action." 1225 GC.

2. Service of summons on a corporation is governed by 11288 GC., which provides for alternative service, first, upon one of the chief officers of a corporation; or second, upon one of the subordinate officers of the company, if one of its chief officers "be not found in the county; or third, "if none of such officers can be found by a copy left at the office or usual place of business," etc.

3. It is calimed that the service of summons was void because it does not affirmatively appears, upon return of the summons as made, that the president or other chief officer could not be found when as a matter of fact the president could have been found.

4. Sec. 11288 GC. makes a clear distinction in its phraseology between the words "be not found" and "can be found."

5. The legislature did not intend as claimed by the Company to make it incumbent upon the sheriff to make a search of the county to find a chief officer before he served a subordinate officer.

6. The evidence shows that the sheriff did not find a chief officer of said company before he served a copy of the summons upon one of the subordinate officers and therefore the return as made in this case, speaks the truth.

7. Therefore a sheriff may serve a summons upon a subordinate officer of a corporation if he finds one in his county before he finds one of the chief officers; and it is not his duty to make a diligent search for one of said chief officers before he is permitted to serve summons upon one of the subordinate officers named.

Motion denied.

(Washburn & Funk, JJ., concur.)

Attorneys—Donald Gottwald for the motion; Commins, Brouse, Englebeck & McDowell and J. Fred Smith, Contra; all of Akron.